UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 6: 06-85-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| WILLIAM STEVENS, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant William Stevens's motion for permission to review, inspect, and copy the transcript of the sentencing hearing held on March 26, 2007. [Record No. 72] The Court notes that the transcript which is the subject of Stevens's request appears at Record No. 39 and consists of 45 pages. Contrary to Stevens's claims, the transcript is neither fraudulent nor falsely certified. However, it is available for his review and use in any proceedings pending before the United States Court of Appeals for the Sixth Circuit.

To the extent that Stevens's motion is deemed as a request that a copy of the March 26, 2007, sentencing transcript be provided to him at no cost, that request will be denied. As explained in the Order entered on May 11, 2011:

> Two statutes, 28 U.S.C. §§ 753(f) and 2250, define the government's responsibility to provide transcripts or other court documents to indigent inmates. Pursuant to § 753(f), the government must furnish transcripts of criminal proceedings where a prisoner has authorization to proceed *in forma pauperis*, the court finds that the § 2255 action is non-frivolous, and the court actually needs the transcript to rule on an issue. *See* 28 U.S.C. § 753(f). With respect to court documents, § 2250 provides:

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

> 28 U.S.C. § 2250. Under both statutes, the petitioner must show "a particularized need" for the documents requested. *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993) (addressing requirements of § 753(f) (citing *United States v. Maccollom*, 426 U.S. 317, 326 (1976)); *Bozeman v. United States*, 354 F. Supp. 1262, 1263-64 (E.D. Va. 1973) (explaining "particularized need" standard for purposes of § 2250).

[Record No. 60] Making false allegations that an official Court reporter improperly doctored a transcript does not constitute a "particularized need" under the above-cited statutes.

Further, in addition to the fact that Stevens has not demonstrated that he cannot pay the cost of the subject transcript, the Court does not find that the transcript is needed to address issues which might be legitimately raised in the appeal regarding the denial of Stevens's motion for a reduced sentence under 18 U.S.C. § 3582. [Record No. 68] The basis for the Court's denial of his § 3582 motions is contained in notice and orders entered on March 3, 2008 [Record No. 43], July 10, 2008 [Record No. 47], and February 22, 2013 [Record No. 65]. Therefore, being sufficiently advised, it is hereby

**ORDERED** that Defendant Stevens's motion [Record No. 72] is **DENIED** as moot. To the extent that Defendant Stevens's motion is construed as a request that a copy of the transcript of the sentencing hearing be provided to him at no cost, that request is **DENIED**.

This 30th day of July, 2013.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge